UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWIN S. ZARR,** *pro se,*

    Plaintiff,

v.     Case No.  8:13-cv-1441-T-30AEP

**RICHARD A. LUCE, individually and in his
official capacity; BERNIE McCABE,
individually and in his official capacity,
GLENN MARTIN, individually and in his
official capacity; BOB GUALTIERI,
individually and in his official capacity,
DOMINICK J. MARCHESIELLO,
individually and in his official capacity,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Objection to Removal and Motion to Remand (Dkt. 8) and Defendant, Bob Gualtieri's, Response to Plaintiff's Objection to Removal and Motion to Remand (Dkt. 10).  The Court, having reviewed the motion, state court documents, and being otherwise advised in the premises, concludes the motion to remand should be granted.

Plaintiff Zarr, proceeding *pro se*, brought a single cause of action under 42 U.S.C. § 1983 against Defendants, the Sheriff of Pinellas County, a sitting Circuit Court judge, the State Attorney for the Sixth Judicial District, an Assistant State Attorney, and a Deputy Sheriff of Pinellas County.  The complaint alleges that the Defendants collectively violated Zarr's due process rights by refusing to turn over to him seven audio cassette tapes.  The

tapes are recordings of Zarr's interviews with various law enforcement officers and allegedly contain exculpatory content. Although Zarr does not explain how this deprivation caused him injury, it is clear from prior actions filed by Zarr that he believes this evidence would have prevented his 2001 conviction in Pinellas County for conspiracy to commit first degree murder, attempted first degree murder, arson, and possession of a manufactured fire bomb.[1] Zarr seeks declaratory relief and an injunction ordering Defendants to transfer custody of these tapes to him.

Defendant Bob Gualtieri, as Sheriff of Pinellas County, removed the action to federal court based on federal question jurisdiction. According to the notice of removal, only Gualtieri and Defendant Bernie McCabe, the State Attorney for the Sixth Judicial Circuit, had been served with the summons and complaint in this case at the time of removal. A review of the attached state court documents indicates that Defendants Gualtieri and McCabe were both served on May 3, 2013. Although Gualtieri removed this action alone, the notice of removal indicates that counsel for McCabe consented to the removal.

Zarr now moves to remand the case to the Circuit Court in and for Pinellas County, Florida. He argues that removal was improper for two reasons: (1) the complaint alleged only "his State claim on behalf of himself under Title 42 U.S.C. § 1983 strictly suing under the color of state law," therefore failing to raise federal question jurisdiction; and (2) Defendants failed to properly remove because not all the Defendants signed the notice of removal. For the reasons stated below, although the Court has federal question jurisdiction,

---

[1] Zarr brought a substantially similar action last year. *See Zarr v. Luce*, 8:12-cv-1468-MSS-EAJ, Dkt. 9.

Zarr's motion to remand must be granted because Defendant McCabe failed to properly consent to removal within the required thirty-day period.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A § 1983 claim is a congressionally-created, federal cause of action.  Plaintiff Zarr's objection to removal is based upon a misinterpretation of that statute.  Although he is correct that a § 1983 claim may be brought in state court, federal courts have original jurisdiction over those claims and removal is permitted under § 1441.

The procedural requirements for removal are set forth in 28 U.S.C. § 1446.  A defendant or defendants desiring to remove any civil action to federal court must sign a notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and state the grounds for removal.  28 U.S.C. § 1446(a).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Any defect in the removal procedure is grounds for remand.  28 U.S.C. § 1447(c).  Moreover, removal statutes are strictly construed and any doubts must be resolved in favor of remand.  *See, e.g., Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006).

Zarr objects to removal on the basis that not all the Defendants joined in the notice of removal. According to the notice of removal, only Defendants Gualtieri and McCabe had been served at the time of removal, thus only their consent was required at the time of filing the notice of removal. As mandated by statute, Gualtieri filed the state court documents along with the notice of removal. Deputy Sheriff Kevin McSweeney signed the return of service for McCabe, indicating that service was effectuated on May 3, 2013. Gualtieri's attorney properly signed the notice and indicated that McCabe's attorney consented to the removal.

However, "[t]o show that all defendants have consented to removal, and, thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal." *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003); *see Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F. Supp. 2d 1357, 1360 (S.D. Fla. 2008) ("The 'unanimity requirement' mandates that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest consent for removal to be proper within the meaning of § 1447(c)."). Indeed, "to effect removal 'each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed by 28 U.S.C. § 1446(b).'" *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) (quoting *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995)).

However, this Court has recognized three exceptions to the unanimity rule: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." *Diebel*, 262 F. Supp. 2d at 1329 (quoting *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993)). Gualtieri argues that McCabe is a nominal defendant whose consent was not required or, in the alternative, that he did sufficiently consent to removal. The Court finds that McCabe is not an nominal defendant and he failed to sufficiently consent within the statutory thirty-day period.

Generally, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City*, 252 F. Supp. 2d 1336, 1339 n.5 (M.D. Fla. 2003) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N.A.*, 427 F.2d 325, 327 (5th Cir. 1970)).[2] This determination turns on whether the named defendant has no interest in the outcome of the action and in whose absence the plaintiff can obtain sufficient relief. *Hernandez v. Ferris*, __ F. Supp. 2.__, 2012 WL 6913632, at *2 (M.D. Fla. Nov. 14, 2012); *see Ti-Cities Newspapers, Inc.*, 427 F.2d 325 ("The ultimate test of whether the . . . defendants are . . . indispensable parties . . . is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff."). "Whether a

---

[2]The Eleventh Circuit adopted as its precedent all decisions of the former Fifth Circuit handed down before close of business on October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

party is necessary or indispensable 'depends on the facts in each case.'" *Diebel*, 262 F. Supp. 2d at 1330 (quoting *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327)).

The complaint makes no factual allegations directly related to McCabe's actions, merely his status: "Defendant, Bernie McCabe, is elected as a State Attorney in and for the Sixth Judicial Circuit Court, Pinellas County, Florida. He is legally responsible for the supervision over his appointed assistant State Attorney's [sic]." Dkt. 2, Compl. ¶ 5. The complaint states that "[e]ach Defendant is sued individually and in his official capacity." *Id.* at ¶ 9. Zarr does not seek monetary damages from the Defendants. Rather, he seeks a declaratory judgment that his due process rights were violated under the Florida and federal constitutions by Defendants' failure to turn over exculpatory material in his criminal case and an injunction ordering the Defendants to locate and transfer seven audio cassette tape recordings to him.

Gualtieri argues that McCabe is a nominal defendant because Zarr's complaint fails to state a viable cause of action against McCabe based on the Eleventh Amendment and prosecutorial immunity.[3] Although Zarr's complaint will likely fail because his proper redress is through a state court remedy or a petition for habeas corpus,[4] the issue that must

---

[3] The Court also notes that the majority of Zarr's complaint would be subject to dismissal based on res judicata principles because of his previous case in the Middle District of Florida before the Honorable Mary S. Scriven. *See Zarr v. Luce*, 8:12-cv-1468-MSS-EAJ. Additionally, like that case, Zarr's § 1983 claim is time-barred.

[4] Because Zarr did not allege that his state court conviction has been invalidated, Zarr cannot bring a § 1983 claim for money damages. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that no prisoner may recover damages under § 1983 for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been
(continued...)

be decided on a motion to remand is whether McCabe is a nominal or formal defendant. McCabe clearly has a stake in the outcome of this case, even if he has a valid defense to suit, and it cannot be said that his interest is merely incidental compared to the real party in interest.[5]  Thus, McCabe is not a nominal defendant and his consent to removal was necessary.

"Like all rules governing removal, the unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." *Diebel*, 262 F. Supp. 2d at 1328 (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001)).  It is undisputed that McCabe, via his attorney, did not properly join in the removal of this case to federal court by either signing the notice of removal or "by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed by 28 U.S.C. § 1446(b)." *Diebel*, 262 F. Supp. 2d at 1328; *see also Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1321 (M.D. Ala. 2006) (holding that "consent must be express, not implied," thus filing an answer or a motion to dismiss is an insufficient expression of consent).  McCabe was served on May 3, 2013, and the time has now lapsed for him to file a notice of consent. Accordingly, Zarr's motion to remand is granted.

---

[4](...continued)
reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254").

[5]Defendants' argument that this Court should find a defendant to be a nominal party because it can enter a final judgment that is not unfair to the plaintiff nullifies the Court's subject matter jurisdiction principles.  The Court must first find it has jurisdiction over the case before it rules on the merits.

Zarr requests attorney's fees and costs in the amount of $600.00 pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Not only does Zarr fail to substantiate his claim for $600.00, Defendants had a reasonable basis for seeking removal. Indeed, remand is only warranted because of a procedural defect, not a substantive one. As such, Zarr's request for attorney's fees and costs is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Objection to Removal and Motion to Remand (Dkt. 8) is GRANTED for the reasons stated herein.

2. The Clerk of Court is directed to REMAND this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, and provide that court with a copy of this Order.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-1441.mtremand.frm